United States District Court

Eastern District of California

Marvellous A. X. Greene,

    Plaintiff,   Civ. No. S 03-1854 DFL PAN P

  vs.   Order on Request for Counsel

California Department
of Corrections, et al.,

    Defendants.

-oOo-

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in a civil rights action.  September 29, 2005, plaintiff moved for appointment of counsel.

    In proceedings that do not threaten a litigant with loss of physical liberty, there presumptively is no right to appointed counsel.  <u>Lassiter v. Department of Social Services</u>, 452 U.S. 18, 26-27 (1981).  Section 1915(e)(1) of Title 28 confers discretion upon the court to request counsel represent an indigent civil litigant.  <u>Mallard v. District Court</u>, 490 U.S. 296 (1989).

1     In deciding whether to appoint counsel the court exercises
2 discretion governed by a number of factors, including the
3 likelihood of success on the merits and the applicant's ability
4 to present his claims in light of their complexity.  <u>Weygandt v.</u>
5 <u>Look</u>, 718 F.2d 952, 954 (9th Cir. 1983); <u>see</u> <u>also</u>, <u>LaMere v.</u>
6 <u>Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987).  Ordinarily the
7 presumption of regularity in the state's procedures for confining
8 prisoners suggests a lack of likely success and counsels against
9 appointment of counsel.  <u>See</u> <u>Maclin v. Freake</u>, 650 F.2d 885, 887
10 (7th Cir. 1981).  As a general rule, the court will not appoint
11 counsel unless the applicant shows his claim has merit in fact
12 and law.  <u>Id.</u>  Even if the applicant overcomes this hurdle, the
13 court will not appoint counsel if the law is settled and the
14 material facts are within the plaintiff's possession, viz., they
15 do not require investigation outside the prison walls.  <u>Id.</u> at
16 887-88.
17     Here, plaintiff alleges his constitutional rights were
18 violated when defendant Pliler discriminated against him because
19 of plaintiff's disability.  The law governing this issue is
20 settled and investigation outside the prison walls is unnecessary
21 to discover material facts.  There is, on the record before the
22 court, no reason to believe appointment of counsel would be of
23 significant benefit.
24 ///
25 ///
26 ///

1       Plaintiff's September 29, 2005, request for the appointment
2  of counsel therefore is denied.
3       So ordered.
4       Dated:  October 18, 2005.

                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge