United States District Court

Eastern District of California

Marvellous A. Greene, Sr.,

        Plaintiff,                      No. Civ. S 03-1854 DFL PAN P

    vs.                                Order

C. K. Pliler,

        Defendant.

                              -oOo-

    Plaintiff is a prisoner, without counsel, prosecuting this civil rights action on the claim defendant violated his rights by revoking work privileges based upon a disability.  Pursuant to Fed. R. Civ. P. 37(a)(2)(B), defendant moves to compel plaintiff to respond to interrogatories and requests for production of documents.

    Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.  Fed. R. Civ. P. 26(b)(1).  Information sought need not be

admissible at trial if the discovery is reasonably calculated to lead to the discovery of admissible evidence.  Id.  The court may limit discovery if it determines the discovery sought is unreasonably cumulative or obtainable from a more convenient or less expensive source, the party seeking discovery had ample opportunity to obtain the information sought, or the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2).  A party has a continuing duty to supplement, correct or amend discovery responses if the court so orders or if the party learns the responses were in some material respect incorrect or incomplete and the information has not otherwise been made available to other parties.  Fed. R. Civ. P. 26(e)(2).

A party may, without leave of court or written stipulation, serve upon any party no more than 25 written interrogatories. Fed. R. Civ. P. 33(a).  Absent an order or stipulation extending time, the receiving party has 30 days to answer each interrogatory fully in writing under oath unless there is an objection, in which case the party must state the reason therefor and answer portions of the interrogatory to which no objection is made.  Fed. R. Civ. P. 33(b).

Any party may request any other party produce for inspection documents including writings, drawings, graphs, charts or data compilations.  Fed. R. Civ. P. 34(a).  The requesting party must identify the items to be produced and the party upon whom the request is made must make a written response stating that

1  inspection will be permitted as requested, unless the party
2  objects and states the basis therefor.  Fed. R. Civ. P. 34(b).
3      The January 5, 2005, discovery order gives parties 45 days
4  to respond to written discovery requests.
5      A party may move for an order compelling discovery with
6  respect to objections or other failure to respond to
7  interrogatories or requests to produce documents.  Fed. R. Civ.
8  P. 37(a)(2)(B), 33(b)(5),  34(b).
9      June 16, 2005, defendant Pliler served plaintiff with
10 interrogatories and requests for documents.  Plaintiff concedes
11 he did not respond but asserts he requires additional time
12 because August 22, 2005, his property was confiscated, August 30,
13 2005, he was moved to administrative segregation and August 31,
14 2005, was hospitalized after a suicide attempt.
15     Plaintiff should have served responses to defendant's
16 requests no later than July 31, 2005.
17     Accordingly, defendant's September 9, 2005, motion is
18 granted.  Plaintiff shall serve responses to defendant's June 16,
19 2005, interrogatories and request for documents within 30 days of
20 the date this order is signed.
21     So ordered.
22     Dated:  November 29, 2005.

             /s/ Peter A. Nowinski
             PETER A. NOWINSKI
             Magistrate Judge